IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MUDDY WATER KAVA, LLC**
a Florida Limited Liability Company;

    **Plaintiff,**

v.

**OHIO TEAHOUSE INC**, a Ohio Corporation;
**DAVID M. KOVATCH,**
an individual;

    **Defendants.**
_____/

CASE NO:

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff, MUDDY WATER KAVA, LLC ("MW"), by and through its undersigned counsel, files this Complaint against OHIO TEAHOUSE INC. and DAVID M. KOVATCH (collectively, "Defendants") saying and alleging as follows:

### NATURE OF THE ACTION

1. This is a civil action for trademark infringement, unfair competition, and use of counterfeit mark arising under the Federal Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, 1125(a), and 1125(d).

2. Plaintiff offers fresh kava, coffee, tea, and organic botanicals using the MUDDY WATER design trademark (the "Mark").

3. MW owns valuable rights and goodwill in the MUDDY WATER Mark, which they have used continuously since August 2016.

4. MW owns a United States federal trademark registration for the MUDDY WATER logo trademark for "coffee shops" (Registration No. 5,497,371).

5. MW also has applied for a United States federal trademark for the MUDDY WATER standard character mark for "coffee bars; tea bars" (Serial No. 97365693).

6. MW became aware that Defendants began using the MUDDY WATER Mark for its own kava/coffee shop in Ohio.

7. Defendants refuse to cease and desist from its infringement and other bad acts.

## THE PARTIES

8. Plaintiff, Muddy Water Kava, LLC, is a Florida limited liability company, with its principal place of business located at 6111 10th Street North, St. Petersburg, FL 33703.

9. Defendant, Ohio Teahouse Inc. is an Ohio corporation and maintains its principal place of business at 4546 Lansing Drive, North Olmsted, Ohio 44070.

10. Defendant, David M. Kovatch, upon information and belief, is a resident of Ohio and is the principal, director, and/or president of Defendant Ohio Teahouse Inc.

11. Upon information and belief, Defendants own and operate Muddy Waters Kava Bar located at 15319 Detroit Ave., Lakewood, Ohio 44107.

## JURISDICTION AND VENUE

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this judicial district and/or a substantial part of the property that is the subject of the action is situated in this district.

13. The claims of trademark infringement and unfair competition asserted in this action arise under the provisions of the Lanham Act, 15 U.S.C. § 1501 et seq. This Court has original jurisdiction over these claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a). This Court further has jurisdiction of the Florida state law claim pursuant to 28 U.S.C. § 1367.

14. Pursuant to Fla. Stat. 48.193(2), this Court has personal jurisdiction over Ohio Teahouse Inc. and David M. Kovatch as they engaged in substantial activity in the State of Florida, including the infringement on Muddy Water's Mark.

15. All conditions precedent to the commencement of this action, if any, have been performed, satisfied, waived, excused or have occurred.

## FACTUAL BACKGROUND

16. MW realleges Paragraphs 1 – 15 as if fully set forth herein.

17. MW offers a variety of beverages, including kava, coffee, tea, and other organic botanicals under its MUDDY WATER Mark.

18. MW has been providing such services under the MUDDY WATER Mark since as early as September 2016.

19. Over the past few years, MW has expended a great deal of time and funds building and promoting the MUDDY WATER mark resulting in substantial goodwill and consumer recognition, particularly within the kava/coffee shop industry.

20. MW is the owner of a registration with the United States Patent and Trademark Office ("USPTO") for the MUDDY WATER service mark for "coffee shops." A true and correct copy of the registration is attached hereto as **Exhibit "A."**

21. MW has applied for a registration with the United States for the MUDDY WATER standard character Mark. A true and correct copy of the application is attached hereto as **Exhibit "B."**

22. MW's registration for the MUDDY WATER Mark is valid and subsisting, and has not been cancelled, revoked, or abandoned.

23. As a result of MW's use of the MUDDY WATER mark, the widespread sale and rendition of its goods and services to the public, and the quality of those

goods and services rendered and sold under the MUDDY WATER Mark, such goods and services have come to be, and now are, well and favorably known to the trade and public. The MUDDY WATER Mark is identifiable as being owned and used by MW.

24. As a result of MW's use of the MUDDY WATER mark, the widespread sale and rendition of its goods and services to the public, and the quality of those goods and services rendered and sold under the MUDDY WATER Mark, valuable goodwill in the business has been generated. The goodwill is symbolized by the MUDDY WATER Mark, which is undeniably owned by MW.

25. On or about September 2021, Defendant Kovatch visited the Greater Tampa Bay area. Defendant Kovatch memorialized his trip in an article with Cleveland Magazine. A copy of the article is attached hereto as **Exhibit "C."**

26. Upon information and belief, during his trip to Tampa, Defendant Kovatch also visited Muddy Water's location in St. Petersburg, Florida.

27. During his visit, Defendant Kovatch made it known he planned to open a location in Ohio and interrogated MW's staff regarding the operations of a kava bar, including proprietary information and trade secrets.

28. Given his visit to MW's location, Defendant Kovatch would have been aware of the MUDDY WATER Mark as early as September 2021.

29. Shortly after returning from his Florida trip, Defendant Kovatch immediately started looking for a location to open his own kava bar. *See* Exhibit "C."

30. Despite MW's common law rights and federal trademark registrations for the MUDDY WATER mark, MW became aware that Defendants began misappropriating the MUDDY WATER Mark to market and sell its services as a kava bar.

31. After discovering the Defendants' infringement, MW requested a graphic designer compare the MUDDY WATER Mark with the logo adopted by the Defendants. A copy of the comparison is attached hereto as **Exhibit "D."**

32. Around the same time, MW began receiving messages from the public, both in Florida and in Ohio, confusing the two companies.

33. On April 11, 2022, a representative of an East Liverpool, Ohio based company, mistakenly messaged MW about booking shows at the kava bar. A screenshot of the message is attached hereto as **Exhibit "E."**

34. On April 15, 2022, a Cleveland-based reporter mistakenly messaged MW discussing the similarities between the MUDDY WATER Mark and the Defendants' misappropriated logo. A screenshot of the message is attached hereto as **Composite Exhibit "F."**

35. Another individual messaged MW asking if the two companies are related because they have the "same name AND logo." A screenshot of the message is attached hereto as **Exhibit "G."**

36. The architect that the Defendants hired to complete construction at their location, who had no knowledge of MW at the time, mistakenly tagged MW's social media because of the Defendants' misappropriation of the MUDDY WATER Mark.

37. On or about June 6, 2022, MW issued a Cease-and-Desist letter to the Defendants. A copy of the letter is attached hereto as **Exhibit "H."**

38. The Defendants ignored the Cease-and-Desist letter and continue to willfully infringe upon MW's Mark.

39. By virtue of the foregoing, Defendants are infringing upon the MUDDY WATER Mark and unfairly competing with MW. Defendants' use in connection with its business has already caused, and will continue to cause, confusion, mistake, or deception among the trade and the public.

40. Despite MW's demands that the Defendants cease and desist from the infringement, the Defendants have intentionally, actively, and deliberately refused to comply, has not ceased and desisted from the wrongful use of any of the marks, and has intentionally and deliberately persisted in its infringement of MW's trademark rights and unfair competition with Muddy Water.

41. Defendants' intentional infringement of the MUDDY WATER Mark and unfair competition is causing irreparable injury to MW. Unless the injunction sought in this Complaint is granted, MW will continue to experience irreparable injury due to the confusion, mistake, and deception. MW has suffered, and will continue to suffer, damages although the exact amount is unknown to MW at this time.

42. All conditions precedent to the institution and maintenance of this action have occurred or been performed.

43. MW has engaged the law firm of Stanton IP Law Firm, P.A. to represent them and are obligated to pay their attorneys a reasonable fee for their services in this action.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C §§1114, 1116, and 1117)

44. MW realleges Paragraphs 1 – 43 of this Complaint as if fully restated herein.

45. This is an action for an injunction arising under 15 U.S.C. §§ 1114 and 1116, and for damages arising under 15 U.S.C. §§ 1114 and 1117.

46. Defendants have, by virtue of its above-described acts, infringed upon MW's rights in their federal trademark registrations in violation of 15 U.S.C. § 1114.

47. Defendants' above-described acts of infringement have been committed, and are continuing to be committed, willfully and with the knowledge

that their above-described marks are intended to be used to cause confusion, or to cause mistake, or to deceive.

48. Defendants' above-described acts of infringement have caused irreparable injury to MW and will continue to cause irreparable injury to MW if Defendants are not restrained by this Court from further violating MW's trademark rights due to the confusion, mistake, or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement. MW has no adequate remedy at law.

49. As a result of the above-described intentional and deliberate infringement of MW's trademark rights by Defendants, MW is entitled to an injunction and an award of Defendants' profits, up to three (3) times any damages sustained by MW, costs of this action, attorneys' fees as set forth in 15 U.S.C. §§ 1116 and 1117, and any other relief this Court deems proper.

## COUNT II – FALSE DESIGNATION OF ORIGIN
### (In Violation of 15 U.S.C. §1125(a)(1)(A))

50. MW realleges Paragraphs 1 – 43 of this Complaint as if fully restated herein.

51. This is an action for injunctive relief and damages for false designation of origin, description or representation arising under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a)(1)(A).

9

52. MW owns the MUDDY WATER logo Mark for "coffee shops" and has applied for registration for the MUDDY WATER standard character Mark for "coffee bars; tea bars."

53. The MUDDY WATER Mark is distinctive in that it is neither generic nor descriptive.

54. The MUDDY WATER Mark is arbitrary in that it is neither suggestive nor descriptive nor generic.

55. The MUDDY WATER Mark has been advertised and used in interstate commerce throughout the United States.

56. The MUDDY WATER Mark has become, through public acceptance and recognition, an asset of value as a symbol of MW's quality products and its goodwill.

57. The Defendants used the MUDDY WATER Mark in commerce without the consent of MW.

58. The Defendants' deliberate unauthorized use of the MUDDY WATER Mark in commerce is likely to cause confusion, because, among other things: (a) The Defendants' use of the MUDDY WATER Mark is likely to confuse the public as to the source or origin of the Defendants' goods; (b) the Defendants' use of the MUDDY WATER Mark is likely to confuse the public because the Defendants are marketing and selling the same types of goods as MW and bears MW's MUDDY

WATER Mark, suggesting some affiliation with MW where none exists; (c) The Defendants and MW market to the same customers; and (d) the Defendants' goods are sold in the same and similar channels of trade as those products sold by MW.

59. The Defendants' unauthorized adoption and commercial use of the MUDDY WATER Mark, as alleged above, in connection with its goods and services is likely to cause confusion as to the source or origin of the Defendants' goods and as to the Defendants' affiliation, connection or association with MW.

60. The Defendants, by its acts and conduct alleged above, has violated Section 43(a) of the Lanham Act.

61. The Defendants will continue to infringe the MUDDY WATER Mark and irreparably harm MW unless enjoined by this Court.

62. MW has no adequate remedy at law.

63. As a result of the Defendants' infringement, pursuant to 15 U.S.C. 1117, MW is entitled to an award of damages including (a) the Defendants' profits; (b) MW's damages; and (c) all costs of this action.

64. The Defendants' infringing conduct is willful and deliberate and with reckless disregard for MW's rights in the federally registered, and ongoing application for, the MUDDY WATER Mark, making this case an exceptional case under 15 U.S.C. 1117, and entitling MW to an award of the Defendants' profits after an accounting, exemplary damages and attorney's fees.

## COUNT III – FEDERAL UNFAIR COMPETITION
## (In Violation of 15 U.S.C. §1125(a)(1)(B))

65. MW realleges Paragraphs 1 – 43 of this Complaint as if fully restated herein.

66. This is an action for an injunction arising under 15 U.S.C. §§ 1116 and1125, and for damages arising under 15 U.S.C. §§ 1117 and 1125.

67. Defendants have, by virtue of its above-described acts, infringed upon MW's federally registered and common law rights in the MUDDY WATER Mark and are competing unfairly with MW by using the MUDDY WATER Mark on Defendants' products in violation of 15 U.S.C. § 1125.

68. Defendants' above-described acts of infringement and unfair competition have been committed, and are continuing to be committed, willfully with the knowledge that its above-described marks are intended to be used to cause confusion, or to cause mistake, or to deceive.

69. Defendants' above-described acts of infringement and unfair competition have caused irreparable injury to MW and will continue to cause irreparable injury to MW if Defendants are not restrained by this Court from further violating MW's trademark rights and competing unfairly with MW due to the confusion, mistake or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement and unfair competition. MW has no adequate remedy at law.

70. As a result of the above-described intentional and deliberate infringement of MW's trademark rights by Defendants, MW is entitled to an injunction and an award of Defendants' profits, up to three (3) times any damages sustained by MW, costs of this action, attorneys' fees as set forth in 15 U.S.C. §§ 1116 and 1117, and any other relief this Court deems proper.

### COUNT IV – FALSE ADVERTISING
### (In Violation of 15 U.S.C. §1125(a))

71. MW realleges Paragraphs 1 – 43 of this Complaint as if fully restated herein.

72. This cause of action arises out of Defendants' knowing, willfully false, and misleading statements relating to the sale of its infringing product in violation of the Lanham Act.

73. Upon information and belief, Defendants use the MUDDY WATER Mark to promote almost identical goods and services to mislead the public into believing they are purchasing an MW goods, services, or products.

74. The Defendants have made, and continues to make, misleading statements that lead the public to believe there is an affiliation between MW and the Defendants.

75. The Defendants communicates these misleading statements through its website and online store to consumers throughout Florida and the United States, thereby affecting interstate commerce.

76. These statements are misleading because they convey a false impression of the affiliation of the parties and are likely to deceive consumers. MW has not authorized the Defendants to use its MUDDY WATER Mark.

77. These intentional and deliberate false and/or misleading descriptions of fact are intended to deceive consumers into purchasing metal locks from the Defendants.

78. MW has suffered substantial damages caused by the Defendants' misrepresentations. MW has been, and will continue to be, injured as a result of Defendants' misrepresentations and will suffer severe and irreparable harm, unless the misrepresentations are enjoined by this Court.

## COUNT V – COUNTERFEIT
### (In Violation of 15 U.S.C. §§ 1116 & 1117)

79. MW realleges Paragraphs 1 – 43 of this Complaint as if fully restated herein.

80. The Defendants have used a spurious mark which is a counterfeit in connection with the promotion and/or sale of goods and services identical to MW, with MW's consent or authorization, in a manner which is likely to cause confusion, mistake, or to deceive as to source or origin among purchasers and/or users of those goods and services.

81. Defendants' unauthorized use of the MUDDY WATER Mark is likely to mislead and cause prospective customers and/or the general public to believe that

Defendants' goods and services are produced or provided by or under the authority of MW.

82.  Defendants' actions constitute counterfeiting under 15 U.S.C. §§ 1114, 1116, and 1117.

83.  MW's goodwill in the MUDDY WATER Mark will be irreparably harmed if Defendants continues its actions.

84.  Defendants intentionally used the MUDDY WATER Mark, knowing such mark is counterfeit, in connection with the promotion and/or offers for sale of goods and services identical to Defendants' goods. Pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b), MW is entitled to recover treble profits or damages, whichever amount is greater, together with reasonable attorneys' fees.

85.  Pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), MW is entitled to recover, in lieu of actual damages and profits under § 1117(a), statutory damages for Defendants' use of counterfeit versions of the MUDDY WATER Mark in connection with the promotion and/or offers for sale of goods and services identical to Defendants' goods and services.

86.  MW reserves its right to elect an award of statutory damages of "(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000

per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c).

87. MW has been damaged by Defendants' actions in an amount which is as yet undetermined. If Defendants' acts are allowed to continue, MW will continue to suffer irreparable injury for which it has no adequate remedy at law.

**WHEREFORE**, MW demands judgment against Defendants for:

a) an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendants, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing MW's trademark rights and unfairly competing with MW in any manner whatsoever in connection with the operation of their business, and from continuing to operate their business in any manner tending to confuse or deceive the public into believing that their business is in any way connected with, sponsored by, or affiliated with MW;

b) an order directing Defendants to file with the Court and serve upon MW a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction entered by the Court within thirty (30) days after the entry of the injunction in compliance with 15 U.S.C. § 1116(a);

c) an accounting of Defendants' wrongfully derived profits and an order that the same be paid over to MW;

d)  up to three (3) times any damages sustained by MW;

e)  punitive damages;

f)  restitution to MW of any and all money Defendants have acquired by means of unfair competition;

g)  interest on such profits and damages at the highest rate allowed by law;

h)  costs of this action;

i)  attorneys' fees; and

j)  such other relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Muddy Water Kava, LLC, by and through their undersigned attorneys, request a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

MW reserves the right, upon further investigation and discovery, to assert such claims against Defendants and other responsible parties as may be just and appropriate under the circumstances.

Dated: July 15, 2022

Respectfully submitted
/s/ Thomas Stanton
**Thomas H. Stanton, Esq.**
tstanton@stantoniplaw.com
Florida Bar No. 127444
STANTON IP LAW FIRM, P.A.
201 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602
PH: 813.421.3883
*Attorney for Plaintiff*